## S99Y1700. IN THE MATTER OF GAETON LEONARD DREXINGER.

(520 SE2d 465)

PER CURIAM.

This disciplinary matter is before the Court on the Petition for Voluntary Discipline of the Respondent, Gaeton Leonard Drexinger, in which Drexinger admits violating Standard 4 (professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation) of Bar Rule 4-102 (d) in connection with his assistance to a client in the closing of a sale of a business. Drexinger filed his Petition subsequent to the filing of a grievance by an assistant United States Attorney for the Northern District of Georgia, and prior to a finding of probable cause by the Investigative Panel of the State Disciplinary Board. The State Bar recommends that this Court accept Drexinger's Petition.

The conduct which led to the filing of the grievance took place in 1995 when Drexinger assisted a client with the closing of the sale of a business and failed to disclose certain material information to the Summit National Bank, the lending institution, and the U. S. Small Business Administration, thereby aiding in a fraudulent scheme perpetrated on both entities.

In his petition, filed pursuant to Bar Rule 4-227 (b), Drexinger requests that this Court impose a 60-day suspension, as defined by Bar Rule 4-102 (b) (2), from the practice of law as an appropriate sanction in this case. We note that, although a violation of Standard 4 of Bar Rule 4-102 (d) may be punished by disbarment, this Court considers the following to be mitigating factors in this case: Drexinger has no prior attorney discipline; was distracted by the circumstances of his father's fatal illness and was inexperienced in the practice of law at the time he engaged in the admitted conduct; and has fully admitted his conduct to investigating authorities and cooperated with federal authorities involved in the criminal investigation and prosecution of the matter.

We have reviewed the record and conclude that a 60-day suspension is an appropriate sanction in this case. Accordingly, Drexinger is

hereby suspended for a period of 60 days from the date of this opinion. He is reminded of his duties under Bar Rule 4-219 (c).

*Sixty-day suspension. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999.

William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar, for State Bar of Georgia.

*Henderson & Lipscomb, David S. Lipscomb,* for Drexinger.

S99A1828. IN RE D. K. M.